IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELVIN MARTIN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-391-ODE-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:16-CV-1571-ODE-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges his sentence under 28 U.S.C. § 2255. (Doc. 73.)[1] Movant contends that the Court improperly enhanced his sentence under the Armed Career Criminal Act (the "ACCA"). (*Id.*; Doc. 74.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion, as amended, and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. It is

---

[1] All citations to the record are to 1:08-cr-391-ODE-LTW.

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

plainly apparent from Movant's § 2255 motion and the record that Movant is not entitled to relief, as explained below.

In October 2009, Movant pled guilty, pursuant to a negotiated plea agreement, to being a felon in possession of a firearm. (Docs. 43-1, 59.) In the plea agreement, Movant

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground . . . .

(Doc. 43-1 at 7.) The appeal waiver allowed Movant to file a direct appeal of an upward departure or variance from the applicable sentencing range under the U.S. Sentencing Guidelines and of the Court's denial of Movant's motion to suppress evidence. (*Id.*) Just above his signature on the plea agreement, Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 10.)

The Court sentenced Movant to fifteen years' imprisonment, which was the statutory minimum sentence based on the Court's finding that the ACCA applied.

2

(Docs. 50, 60.)  That sentence was below the imprisonment range under the U.S. Sentencing Guidelines.  (Doc. 60.)

Because the Court denied Movant's motion to suppress evidence, Movant appealed.  In November 2010, the U.S. Court of Appeals for the Eleventh Circuit held that the Court properly denied Movant's motion to suppress evidence and affirmed the judgment of conviction.  (Doc. 69.)

Movant filed his § 2255 motion, along with a supporting brief, in May 2016. (Docs. 73, 74.)  Movant contends that his prior convictions used to enhance his sentence under the ACCA do not qualify for the enhancement.  (*Id.*)  Movant relies on the U.S. Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA's definition of "violent felony" is unconstitutional. *Johnson*, 135 S. Ct. at 2555, 2563; *see* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony").  In *Descamps*, the Supreme Court addressed when a sentence may be enhanced under the enumerated clause of the ACCA's definition of "violent felony," which provides for enhancement if the defendant has been convicted of certain enumerated crimes, such as burglary. *Descamps*, 133 S. Ct. at 2281-82.

AO 72A
(Rev.8/82)

Movant did not file his § 2255 motion within one year of the date his judgment of conviction became final. Movant cites 28 U.S.C. § 2255(f)(3), which provides that a § 2255 motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court recently held that the new rule it announced in *Johnson* in June 2015 applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But as discussed above, *Johnson* addressed only sentence enhancements based on prior convictions that fall within the residual clause of the ACCA's definition of "violent felony." Movant's prior convictions that triggered the ACCA were two drug crimes and a burglary. (Doc. 74 at 4.) Burglary is in the enumerated clause of the ACCA's definition of "violent felony" and, thus, does not implicate the residual clause. 18 U.S.C. § 924(e)(2)(B). And while *Descamps* addressed burglary convictions under the enumerated clause, the decision did not announce a new right for purposes of § 2255(f)(3). *King v. United States*, 610 F. App'x 825, 829 (11th Cir. 2015).

The Court need not decide whether Movant's § 2255 motion is timely, however, because the motion is barred by the appeal waiver in Movant's plea agreement. An

4

appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those situations are present here.

The appeal waiver is discussed in detail in two places in the plea agreement. (Doc. 43-1 at 7, 10.) Movant acknowledged when he signed the agreement that he understood the waiver and that it prevented him from challenging his sentence, including in a collateral proceeding under § 2255. (Doc. 43-1.)

The Court discussed the appeal waiver with Movant at the plea hearing, during which Movant was under oath. (Doc. 59.) The Court first told Movant that "[t]here are some circumstances under which you can appeal the sentence, you are waiving most of those . . . . Do you understand what I've said to you so far." (*Id.* at 21.) Movant replied: "Yes, sir, I understand." (*Id.*) Later in the hearing, the Court discussed the appeal waiver in more detail:

[The Court]   If you [stand trial and] are convicted, you have a right to appeal that conviction. Those are your rights if you plead not guilty. If you plead guilty you necessarily give up those rights. There is no trial, there is no appeal about your guilt or innocence. . . . Do you understand those rights?

[Movant]   Yes, sir.

. . . .

[The Court]   You are promising to give up your right to appeal your conviction or your sentence or to file a collateral attack, that's just another legal attack on your conviction or your sentence. There is one exception, that is that you may appeal my ruling on the motion to suppress. Another exception is that if I sentence you above the applicable guideline range, then you may appeal. The government has a right to appeal, and if they do, then you can appeal on any issue. . . . Is that all that they have promised you and you have promised them?

[Movant]   Yes, your honor.

(*Id.* at 23, 26-27.)   Finally, the Court warned Movant that his plea agreement contained "information that can be used against you if you ever collaterally attack or otherwise appeal anything to do with this case." (*Id.* at 24.)   Movant told the Court he understood. (*Id.*)

Movant told the Court that he understood the rights he was waiving, that he waived those rights, and that he agreed to the plea agreement freely and voluntarily. (*Id.* at 23, 27-28.) Movant also told the Court that he did not have any questions about his plea agreement or the rights he was waiving by executing it. (*Id.* at 23.)   And

6

when the Court asked Movant if there was anything in the plea agreement that he did

not understand or with which he disagreed, Movant replied "[n]o, sir, your honor."

(*Id.* at 24.)

It is thus clear from the record that Movant knowingly and voluntarily agreed

to the appeal waiver.  Movant does not contend otherwise, and does not mention the

waiver in his § 2255 motion or his supporting brief.  (Docs. 73, 74.)  The appeal

waiver bars Movant's challenge to his sentence under § 2255.  *See Demello v. United*

*States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver

is entered into knowingly and voluntarily and contains express language waiving the

right to collateral review, it is enforceable and precludes the defendant from collateral

attacking a sentence . . . .").

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion

[73] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:16-

cv-1571-ODE-LTW be **DISMISSED**.  The undersigned further **RECOMMENDS**

that a certificate of appealability be **DENIED** because it is not reasonably debatable

that the appeal waiver in the plea agreement bars Movant's challenge to his sentence

AO 72A
(Rev.8/82)

under § 2255. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000).

**SO RECOMMENDED** this 20 day of May , 2016.

LINDA T. WALKER

UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev.8/82)